## ZEIGLER v. SCHMALL.

### (Supreme Court, Appellate Term. June 5, 1908.)

EVIDENCE—BOOKS OF ACCOUNT.
Plaintiff sued for the value of a ring, asserting that he delivered it to defendant under an agreement that if not sold by defendant it should be returned, and if sold it should be paid for. Defendant denied ever having it. *Held*, that an entry thereof in plaintiff's book of accounts under defendant's name, asserted by plaintiff to have been made by him on returning home after delivering the ring, was merely a declaration in his own behalf, and inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1432–1483.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Leon Zeigler against Henry Schmall. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

J. Robert Rubin, for appellant.
Max Salomon, for respondent.

GILDERSLEEVE, P. J. Plaintiff claims that he delivered to the defendant a princess ring, valued at $60, and a watch, valued at $65, under an agreement that if the articles were not sold by defendant they were to be returned, and if sold they were to be paid for. He brings suit for the value of the two articles, alleging that he has demanded the return of them, which demand the defendant refused to comply with. As to the ring, the defendant denies ever having had it. He asserts, and is corroborated in this assertion, that the defendant handed the ring to the defendant's sister-in-law, who handed it to defendant, and that defendant, after examining it, returned it to plaintiff.

Upon the trial the plaintiff was the only witness sworn in his own behalf. He testified that he delivered the ring to the defendant, and that upon returning home he made an entry thereof in his book of accounts. This entry in the book was offered in evidence, and was objected to by defendant's counsel, but was admitted in evidence, and contained this entry, "1 Princess Ring, $65," under the account of defendant in such book. The admission of this entry was error. It was merely a declaration in the party's own favor, and in no way competent. As the case turned, so far as this item is concerned, upon a sharp conflict of evidence, in which the defendant's testimony was equal to, if not greater weight than, that of the plaintiff's, the admission of the entry in the book may have had material influence in the mind of the trial judge in rendering his decision in plaintiff's favor.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.